UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MURPHY C. EMELIKE, § § Plaintiff, § § v. § § L-3 COMMUNICATIONS CORPORATION § and L-3 COMMUNICATIONS VERTEX § AEROSPACE, LLC, § § Defendants. § | Civil Action No. 3:12-cv-2470 |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Transfer for Improper Venue, filed by Defendants L-3 Communications Corporation ("L-3 Communications") and L-3 Communications Vertex Aerospace, LLC ("L-3 Communications Vertex") [Docket Entry #16]. For the reasons set forth below, the Motion is **GRANTED in part**.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Murphy C. Emelike ("Emelike") brings this suit against his former employers for alleged race discrimination. On or about February 18, 2011, Defendants hired Plaintiff as an aircraft mechanic to work in Afghanistan or Iraq for one year. *Pl.'s Compl.* at ¶ 3.2; *Pl.'s Resp. Br.* at Ex. A. Plaintiff signed an employment contract with L-3 Communications Vertex. *Pl.'s Resp. Br.* at Ex. A. Plaintiff alleges that on or about June 11, 2011, while he was working in Iraq, Plaintiff had a verbal altercation with two white mechanics, during which one of them allegedly directed a racial epithet towards Plaintiff. *Pl.'s Compl.* at ¶ 3.5. Nearly a month later, on or about July 13, 2011, Plaintiff alleges he was informed that his employment was being

terminated. *Pl.'s Compl.* at ¶ 3.6. Thereafter, Plaintiff claims that he wrote an email to Defendants' human resources department requesting a transfer from what he perceived to be a hostile working environment, but Plaintiff was nonetheless terminated, allegedly without further investigation by Defendants.

Based on these events, Plaintiff brings a suit for race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), and Section 21 of the Texas Labor Code, along with a breach of contract claim. Plaintiff's breach of contract claim asserts that Plaintiff's employment agreement provided for a one-year term, terminable only for cause. Plaintiff contends that Defendants did not have cause to terminate his contract, and that, therefore, his early termination breached the contract.

The question presented to the Court is whether venue in the Northern District of Texas is proper as to each claim asserted. Defendant argues that a special venue provision, 42 U.S.C. § 2000e–5(f)(3), governs venue in this case and that a transfer to the Southern District of Mississippi is warranted. Plaintiff opposes a transfer and argues that the general venue statute, 28 U.S.C. § 1391, governs this action in its entirety, that venue under § 2000e–5(f)(3) is optional, or supplementary to the general venue provision, and that even if it is mandatory, the general venue statute governs all claims because the breach of contract count is the principal claim.

II.   ANALYSIS

A.   Venue under Title VII

Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406(a) provide for dismissal or transfer of an action that has been brought in an improper venue. *In re Atl. Marine Const. Co., Inc.*, 701 F.3d 736, 739 (5th Cir. 2012). Once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper, but the Court must

accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff. *Ginter ex rel. Ballard v. Belcher, Predergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008). Courts may consider evidence in the record beyond simply those facts alleged in the complaint and its proper attachments. *Id.* If venue is improper, "a district court has broad discretion in determining whether to dismiss or transfer a case in the interest of justice." *Caldwell v. Palmetto State Savs. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987).

Section 2000e–5(f)(3) of Title VII provides in relevant part:

> [A]n action may be brought in any judicial district in the State in which (1) the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained and administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unemployment practice, but (4) if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

In the Fifth Circuit, venue in a Title VII action is proper only in the judicial districts that satisfy one of the criteria of § 2000e–5(f)(3). The Fifth Circuit shed light on the proper application of § 2000e–5(f)(3) in *In re Horseshoe Entm't*, 337 F.3d 429 (5th Cir. 2003). There, in the context of a motion to transfer venue, the Fifth Circuit conducted a threshold inquiry under § 2000e–5(f)(3) to determine where the suit at issue "might have been brought." In conducting the analysis, the Fifth Circuit analyzed only the venue options provided for in § 2000e–5(f)(3), and not those of 28 U.S.C. § 1391. Thus, while the majority opinion in *Horseshoe* did not state that proper venue for a Title VII action can be achieved only by satisfying one of the options in § 2000e–5(f)(3), the case stands for that very proposition. The Fifth Circuit recently confirmed this interpretation of *Horseshoe* in an unpublished opinion by stating that "Title VII contains a specific venue provision that displaces the general venue provision set out in 28 U.S.C. § 1391."

*Allen v. U.S. Dep't of Homeland Sec.*, No. 12–30760, 2013 WL 632141, at *1 (5th Cir. Feb. 20, 2013).

Defendants allege, and Plaintiff does not dispute, that venue is improper in the Northern District of Texas under Title VII's special venue provisions. Plaintiff never worked for either Defendant in Texas, no employment records relevant to this action are maintained or administered in Texas, Plaintiff would not have worked in Texas, even if his employment had not been terminated, and neither Defendant has its principal office in Texas. *Defs.' Appx.* at Ex. 1. Thus, under Title VII's venue provision, venue is appropriate only in the Southern District of Mississippi, where Defendants administer and maintain relevant employment records. 42 U.S.C. § 2000e–5(f)(3).

Where a case involves more than one cause of action, venue must be proper as to each claim asserted. *Tucker v. U.S. Dept. of Army*, 42 F.3d 641 (5th Cir. 1994) (noting with approval the district court's reliance on the general rule that venue must be proper as to each distinct cause of action); *see generally* Charles Alan Wright, et al., 15 *Federal Practice and Procedure* § 3808 (2d ed. 1986) ("[I]n a case in which multiple claims are joined, the general rule . . . is that venue must be proper for each claim."). Thus, the fact that Title VII's special venue statute has not been satisfied does not mean that venue is improper as to Plaintiff's remaining claims. *See Tucker*, 42 F.3d 641. A separate venue analysis as to those claims is necessary.

Defendant urges the Court to adopt the approach utilized by the D.C. Circuit for a case with multiple claims. Under this approach, if one of the claims can be considered the principal one, then the claims must be brought where venue is proper for that cause of action, particularly if the principal cause of action is governed by a narrower venue provision than the secondary cause of action. *Walden v. Locke*, 629 F. Supp. 2d 11, 14–15 (D.D.C. 2009); *Ifill v. Potter*, No.

05-cv-2320, 2006 WL 3349549, at *2 (D.D.C. Nov. 17, 2006). Defendant does not cite, and the Court is unaware of, any Fifth Circuit authority adopting this approach or citing it with approval. Thus, the Court declines to follow this approach.

As to the breach of contract claim, Plaintiff contends that venue is proper because a substantial part of the events giving rise to the action occurred in Dallas. Plaintiff claims that the contract was negotiated via telephone and facsimile, and ultimately signed by Plaintiff, in Dallas, where Plaintiff resided. *Pl.'s Appx.* at Ex. C. To be a proper venue under § 1391(a)(2), the chosen venue does not have to be the place where the most relevant events took place, but the contacts with the selected district must be substantial. The Court concludes that the contract negotiations and partial execution of the contract,[1] along with the harm felt by Plaintiff as a resident of this district, is sufficient to ground venue for Plaintiff's breach of contract claim here. *See* 28 U.S.C. § 1391(a)(2); *Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1181 (D. Kan. 1998) (holding that venue was proper in Kansas, even though the contract was to be performed in Alabama, when the negotiation and execution of the contract took place through communications directed into Kansas).

Regarding Plaintiff's claim under the Texas Labor Code, neither party briefs the issue of whether venue is proper under 28 U.S.C. § 1391.[2] Defendants L-3 Communications and L-3 Communications Vertex have their principal places of business in New York and Mississippi, respectively. The Court finds that no substantial part of the events related to Plaintiff's race discrimination claim occurred in Texas. Plaintiff worked overseas—where the alleged racial epithet was uttered—and the adverse employment decision was not alleged to have been made in

---

[1] Defendants never signed the employment agreement.
[2] In their Reply, Defendants contend that Plaintiff's claim arising under the Texas Labor Code is time-barred because it was filed more than 180 days after the alleged discriminatory action. *Defs.' Reply Brief* at 2. At this juncture, the Court will not address the viability of Plaintiff's Texas Labor Code violation, which can be properly addressed in a Rule 12(b)(6) Motion to Dismiss.

Texas. Plaintiff's negotiation of the contract in Texas is not related to this claim, except to the extent he agreed in this district to work for Defendants. This is not enough to establish venue under 28 U.S.C. § 1391(a)(2). Because this action could have been brought in either New York or Mississippi, Defendant's principal places of business, the Court need not determine in which judicial districts Defendants are subjected to personal jurisdiction. *See* 28 U.S.C. § 1391. Venue in this district for Plaintiff's claim under the Texas Labor Code is improper.

### III.  CONCLUSION

For the reasons explained above, Plaintiff cannot maintain his Title VII and Texas Labor Code claims in the Northern District of Texas. Venue in this district is proper, however, as to Plaintiff's breach of contract claim. In the interests of judicial economy, the parties shall submit a joint status report within fourteen days, specifically advising the Court whether Plaintiff opposes a transfer of his breach of contract claim to the Southern District of Mississippi, or alternatively, whether Defendants waive their objection to venue so as to retain the entire case in this district.

**SO ORDERED.**

Dated: May 7, 2013.

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS